1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

### EASTERN DISTRICT OF CALIFORNIA

11  DAVID R. ROSS,                                    Case No.  1:21-cv-01753-JLT-SAB

12              Plaintiff,                             ORDER SCREENING COMPLAINT

13      v.                                             (ECF No. 1)

14  NINA BOLIN, et al.,

15              Defendants.

16
17
18
19

20         David R. Ross ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed

21  this action against Nina Bolin and Ursula Dean, Operations Managers for the Department of

22  Treasury, Internal Revenue Service ("IRS") on December 10, 2021.  (ECF No. 1.)  The complaint

23  is now before this Court for screening.

24                                              **I.**

25                              **SCREENING REQUIREMENT**

26         The Court is required to screen complaints brought by prisoners seeking relief against a

27  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

2  "seek[] monetary relief against a defendant who is immune from such relief."   28 U.S.C. §

3  1915(e)(2)(B).

4       A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

9  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11      Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

12 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

13 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

15 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678–79; Moss

16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

18 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

19 at 969.

20      As a general rule, the Court must limit its review to the operative complaint and may not

21 consider facts presented in extrinsic evidence.  See Lee v. City of L.A., 250 F.3d 668, 688 (9th

22 Cir. 2001).  Materials submitted as part of the complaint, however, are not "outside" the

23 complaint and may be considered.  Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896

24 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Moreover, the Court is not required to accept as true

25 conclusory allegations which are contradicted by exhibits to the complaint.  See Sprewell v.

26 Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), opinion amended on denial of reh'g,

27 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir.

28 1998).  Leave to amend may be granted to the extent that the deficiencies of the complaint can be

1  cured by amendment.  <u>Cato v. U.S.</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

2  **II.**

3  **COMPLAINT ALLEGATIONS**

4      The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of

5  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

6      Plaintiff is a state prisoner at Correctional Training Facility.  (Compl. 7.)  Defendants

7  Bolin and Dean are employees at the IRS.  (<u>Id.</u> at 2, 8.)  Plaintiff purports to sue both Defendants

8  in their official and individual capacities.  (<u>Id.</u> at 8.)  Plaintiff claims Defendants have forfeited

9  their immunity protection because they engaged in a crime.  (Id.)  More specifically, Plaintiff

10  alleges he was supposed to receive Economic Impact Payments ("EIPs") in the total amount of

11  $1,800 but he never did.  (<u>Id.</u> at 8–9.)  Instead, the EIPs were deposited to an unknown account.

12  (<u>Id.</u> at 9.)  Plaintiff claims Defendants requested additional information to verify Plaintiff's

13  identify but did not take steps to identify the unknown account, stop payment of the EIPs to the

14  unknown account, or deposit the EIPs into Plaintiff's account.  (See <u>id.</u> at 9.)

15      Plaintiff attaches three exhibits to the complaint in support of his claims: a copy of

16  Plaintiff's inmate account statement showing transactions from April 1, 2021 through July 6,

17  2021, and two letters from the IRS — one signed by Bolin and the other signed by Dean.

18  Plaintiff's inmate account statement reflects an EIP payment in the amount of $1,400 was

19  deposited into Plaintiff's account on April 13, 2021.  (Ex. A, ECF No. 1 at 10.)  The IRS letter

20  signed by Dean is dated August 24, 2021. (Ex. B, ECF No. 1 at 14–15.)  The letter acknowledges

21  receipt of Plaintiff's January 13, 2021 inquiry and indicates an additional sixty days was required

22  for the IRS to send Plaintiff a complete response to his inquiry.  (<u>Id.</u>)  The IRS letter signed by

23  Bolin is dated August 26, 2021 and addresses Plaintiff's January 10, 2021 inquiry.  (Ex. C, ECF

24  No. 1 at 12–13.)  The letter indicates an EIP of $1,200 was deposited on November 12, 2020 into

25  an account, number 1281434751645, after Plaintiff's personal information was submitted via the

26  "Non-Filers tool" on the IRS website to obtain the EIP.  (<u>Id.</u>)

27      Plaintiff claims Defendants' repeated assurances that he would receive the EIPs, followed

28  by requests for additional identifying information and ultimately depositing the EIPs into a

3

different account constitutes emotional distress and cruel and unusual punishment in violation of the Eighth Amendment.  (Compl. 9.)  Plaintiff further claims Defendants discriminated against Plaintiff because of his inmate status, in violation of the equal protection clause of the Fourteenth Amendment.  (Id. at 4, 9.)  Plaintiff contends that, if he was not an inmate, Defendants would have stopped payment on the EIPs to the unknown account and utilized a trace to locate the unknown account.  (Id. at 4, 9.)  Plaintiff brings this action seeking payment of $1,800.00 in stimulus payments, plus damages in the amount of $2,000.  (Id. at 6.)

**III.**

**DISCUSSION**

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax credit.  Scholl v. Mnuchin (Scholl I), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under § 6428(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children.  Scholl I, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)).  This amount is credited against the individual's federal income tax for the year 2020.  Id.  For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust.  Id. at 1021 (citing 26 U.S.C. § 6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year."  Id. (quoting 26 U.S.C. § 6428(f)(1)).  Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit."  Id.  Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

4

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund.  26 U.S.C. § 6428(e).  Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

A.      **The Scholl Class**

In Scholl I, the district court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

Scholl I, 489 F. Supp. 3d at 1047.  In Scholl v. Mnuchin (Scholl II), 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

5

1   Scholl II, 494 F. Supp. 3d at 692.  A permanent injunction was entered and defendants were to

2   reconsider EIPs that were denied solely due to an individual's incarcerated status.  Id. at 692–93.

3   With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members
> are in fact owed advance refund payments or the amount of those
> payments.  Indeed, the court's [Federal Rule of Civil Procedure]
> 23(b)(2) finding was premised on the "indivisible nature of the
> injunctive or declaratory remedy warranted" but not "an
> individualized award of monetary damages."  Dkt. 50 at 42
> (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360–61,
> 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)).  The court's
> determination in this order is that the IRS's action was "arbitrary,
> capricious, . . . or otherwise not in accordance with law" and the
> appropriate remedy is to "hold unlawful and set aside" that agency
> action.  5 U.S.C. § 706(2).  It is incumbent on the IRS, as the
> agency charged by Congress, to make individual determinations
> whether an individual is an "eligible individual" and meets the
> various criteria delineated in the Act.

12   Id. at 691.

13       Here, Plaintiff is currently incarcerated and alleges the IRS has not provided the EIPs

14   owed to him under the CARES Act.  For relief he seeks the Court require the IRS to provide him

15   all remaining EIPs.  To the extent he alleges the IRS has been nonresponsive to his requests for

16   payment of the EIPs because of his incarcerated status, Plaintiff would be a member of the Scholl

17   class and therefore not entitled to separate individual relief.  See Pride v. Correa, 719 F.3d 1130,

18   1133 (9th Cir. 2013); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc)

19   ("Individual members of the class and other prisoners may assert any equitable or declaratory

20   claims they have, but they must do so by urging further actions through the class representative

21   and attorney, including contempt proceedings, or by intervention in the class action.").

22       Regardless, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the

23   CARES Act.  As noted above, the CARES Act imposed a deadline of December 31, 2020, for

24   EIPs to be made or allowed.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed well before

25   Plaintiff initiated this case on December 10, 2021, and no more funds may be issued.  Any tax

26   rebate Plaintiff might be eligible for must be applied for through his tax return, as it is the

27   responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility.  26

28   U.S.C. § 6428(f)(3)(B).  Accordingly, Plaintiff's claims fail.

1

**B.      Jurisdiction Under 28 U.S.C. § 1346(a)**

2      Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court

3 for refund of taxes.  28 U.S.C. § 1346(a)(1).  But, the United States consents to be sued for a tax

4 refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a),

5 which states: "No suit or proceeding shall be maintained in any court for the recovery of any

6 internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a

7 claim for refund or credit has been duly filed with the Secretary, according to the provisions of

8 law in that regard, and the regulations of the Secretary established in pursuance thereof."  26

9 U.S.C. § 7422(a).

10      Furthermore, "No suit or proceeding under section 7422(a) for the recovery of any

11 internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from

12 the date of filing the claim required under such section unless the Secretary renders a decision

13 thereon within that time, nor after the expiration of 2 years from the date of mailing by certified

14 mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part

15 of the claim to which the suit or proceeding relates."  26 U.S.C. § 6532(a)(1).

16      Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a

17 taxpayer must first comply with the tax refund scheme established in the Code by filing an

18 administrative claim with the IRS.  U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008);

19 Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a)

20 (2002).  Therefore, unless the taxpayer has "duly filed" a claim with the IRS for a refund of

21 Federal taxes, the district court is without jurisdiction over the claim for a refund.  Danoff v. U.S.,

22 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

23      Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must

24 file a refund claim with the IRS within the time limits established by the Internal Revenue Code.

25 N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982).  "The filing of a timely claim

26 is jurisdictional for a refund suit and cannot be waived."  Id.  The IRS regulations require that the

27 administrative claim must be filed:

28      within 3 years from the time the return was filed or 2 years from the

time the tax was paid, whichever of such periods expires the later,
or if no return was filed by the taxpayer, within 2 years from the
time the tax was paid.

26 U.S.C. § 6511(a).  The tax code makes it clear that "unless a claim for refund of a tax has been

filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in

any court." Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting U.S. v. Dalm, 494 U.S. 596, 602

(1990).)

"A taxpayer's failure to file an administrative claim within the time periods imposed by

statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro,

300 F.3d at 1066–67; Danoff, 324 F. Supp. 2d at 1092.  Finally, the statute of limitations is not

tolled due to equitable principals.  Danoff, 324 F. Supp. 2d at 1099 ("courts uniformly have held

that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of

limitation in tax refund suits").  Therefore, there are two distinct hurdles that Plaintiff must

overcome to obtain a tax refund.  First, Plaintiff must show that he filed his claim for a refund

within three years from the time that his return was filed. Id. at 1092.  Second, if Plaintiff filed a

timely claim, then any refund would be limited by the provisions of § 6511(b)(2). Id.

Here, Plaintiff alleges he inquired into the status of his EIP payments but received

inadequate responses from Defendants.  In order to bring a suit against the Government to seek

his tax refund, Plaintiff was required to file an administrative claim with the IRS.  While Plaintiff

has alleged that he filed his tax returns, he has failed to allege that he filed an administrative claim

as required by § 6511 in order to confer this court with jurisdiction over his claims related to the

tax returns.  Further, it is not apparent from the exhibits attached to the complaint that the

correspondences exchanged between Plaintiff and Defendants are related to an administrative

claim filed under § 6511; rather the letters appear to derive from an informal inquiry process.

The Court therefore cannot construe Plaintiff's correspondences to be a "duly filed" a claim with

the IRS in accordance with the provisions of § 6511.  Accordingly, the Court finds that it lacks

jurisdiction over the matter.

///

///

# IV.

## CONCLUSION AND ORDER

Based on review of the complaint in this action, Plaintiff has failed to state any cognizable claim for a violation of his federal or state rights in this action and the Court does not have jurisdiction to consider Plaintiff's claims based upon the filing of his tax returns.  Nonetheless, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies identified in this order.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also clearly and concisely set forth the claims Plaintiff wishes to pursue and identify the actions taken by each Defendant that led to each alleged deprivation of Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff should also not attempt to plead causes of action which he acknowledges are barred by some type of immunity.

Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927.  Absent Court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3.   The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4.   If Plaintiff fails to file a first amended complaint in compliance with this order, the

9

Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **February 18, 2022**

_____
UNITED STATES MAGISTRATE JUDGE