# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. ROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NINA BOLIN, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01753-JLT-SAB<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT<br><br>(ECF No. 7) |

David R. Ross ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Nina Bolin and Ursula Dean, Operations Managers for the Department of Treasury, Internal Revenue Service ("IRS") on December 10, 2021. (ECF No. 1.) On February 22, 2022, the Court screened the complaint and found Plaintiff failed to allege sufficient facts to state a claim. (ECF No. 6.) On March 18, 2022, Plaintiff filed a first amended complaint. (ECF No. 7.) The first amended complaint is now before this Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true

conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). A plaintiff can also "plead himself out of a claim by including unnecessary details contrary to his claims." Sprewell, 266 F.3d at 988. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently and was at all relevant times a state prisoner at Correctional Training Facility. (ECF No. 7 at 7.) Defendants Bolin and Dean are employees at the IRS. (Id. at 2, 8.) Plaintiff purports to sue both Defendants in their official and individual capacities. (Id. at 8.)

Plaintiff alleges his Economic Impact Payment ("EIP") stimulus check for $1,200 was deposited "into an unknown account[,] allowing someone [Plaintiff] did not know to have access to [his EIPs] or use [his] social security [number] illegally." (Id. at 9, 11.) Plaintiff submitted an IRS form 3911 to start a legal trace to find the missing payments. (Id. at 8.) He claims this completed the administrative process. (Id.)

Plaintiff alleges Bolin knew his EIPs were deposited into an "unknown account," told Plaintiff to file the Form 3911, but ultimately did not do anything to find Plaintiff's lost EIP payments.[1] (ECF No. 7 at 9.) Plaintiff alleges Dean also knew Plaintiff's EIPs were deposited

---

[1] The Court notes Plaintiff's original complaint included supporting exhibits that Plaintiff has removed from his amended complaint: a copy of Plaintiff's inmate account statement showing transactions from April 1, 2021, through July 6, 2021, and two letters from the IRS — one signed by Bolin and the other signed by Dean. Plaintiff's inmate account statement reflects an EIP payment in the amount of $1,400 was deposited into Plaintiff's account on April 13, 2021. (Ex. A, ECF No. 1 at 10.) The IRS letter signed by Dean is dated August 24, 2021. (Ex. B, ECF No. 1 at 14–15.) The letter acknowledges receipt of Plaintiff's January 13, 2021 inquiry and indicates an additional sixty days was required for the IRS to send Plaintiff a complete response to his inquiry. (Id.) The IRS letter signed by Bolin is dated August 26, 2021, and addresses Plaintiff's January 10, 2021 inquiry. (Ex. C, ECF No. 1 at 12–13.) This letter indicates an EIP of $1,200 was deposited on November 12, 2020, into an account, number 1281434751645, after Plaintiff's personal information was submitted via the "Non-Filers tool" on the IRS website to obtain the EIP. (Id.) While an amended complaint supersedes its prior iteration, "a plaintiff may not controvert what [he] has already

3

into an "unknown account" and similarly failed to find the payments. (Id.) Plaintiff submitted a number of 3911 forms, written letters of complaint, and 1040 tax returns. (Id. at 11.) But the only response Plaintiff received is notice that additional time is required to respond to his inquiry. (Id.) Plaintiff has received such letters for the past fourteen months, but never received his EIPs. (Id.)

Plaintiff claims Defendants' actions amount to cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 10.) Plaintiff also claims Defendants violated his equal protection rights by failing to "treat Plaintiff equally as any other U.S. Citizen" and instead discriminating against Plaintiff and treating him differently, presumably due to his incarcerated status. (Id.) Plaintiff asks the Court to order the IRS to locate and pay him the $1,200 missing EIPs that were applied to the "unknown account," and punitive damages for hardship. (Id. at 11.)

## III.

## DISCUSSION

### A.     Proper Defendant

Plaintiff purports to sue Defendants Bolin and Dean in their official and individual capacities. (Id. at 8.) "[A]n official capacity suit is tantamount to a claim against the government entity itself," and the Court shall construe it as such. Klebanowski v. Sheahan, 540 F.3d 633, 637 (7th Cir. 2008); see also Kentucky v. Graham, 4733 U.S. 159, 165–66 (1985) (suing a public employee in her official capacity under § 1983 is equivalent to suing the entity itself); Zinda v. Johnson, 463 F. Supp. 2d 45, 48 (D.D.C. 2006) (granting motion to substitute US for individual defendants as proper party defendant in plaintiff's tax claim).

Furthermore, to the extent he seeks to sue Bolin and Dean in their individual capacities, the tax code provides that any suit related to recovering any internal revenue tax "may be maintained only against the United States and not against any officer or employee of the United States . . . ." 26 U.S.C. § 7422(f)(1); see also Zinda, 463 F. Supp. 2d at 48 ("[S]uits for tax

---

unequivocally told a court" to avoid dismissal of a defective cause of action. See Soo Line R. Co. v. St. Louis Sw. Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (discussing judicial admissions).  Thus, to the extent the amended complaint asserts allegations contradicted by the facts asserted in Plaintiff's prior exhibits, the Court may judicially notice the prior exhibits and need not accept the contradicted allegations as true. See Sprewell, 266 F.3d at 988; Steckman 143 F.3d at 1295–96.

refunds or damages should be brought against the United States"). For this reason, as well, Plaintiff has named the wrong defendants and Plaintiff's individual capacity claims against Bolin and Dean fail. The United States is the proper party defendant.

### B.  Tax Refund Claim

The first amended complaint does not attempt to assert a cause of action for tax refund pursuant to 26 U.S.C. § 7422 (and instead only asserts causes of action under the Eighth and Fourteenth Amendments); however, liberally construing the allegations, it appears the remedy Plaintiff seeks is recovery of certain tax refunds in the form of Economic Impact Payments under the CARES Act, which would implicate a cause of action pursuant to 26 U.S.C. § 7422.[2] Accordingly, the Court shall grant Plaintiff leave to amend the complaint to assert a tax refund cause of action pursuant to 26 U.S.C. § 7422, and provides the following legal standard pertaining to Plaintiff's claim.

1. Jurisdiction

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." Tobar v. U.S., 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. See Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007).

Congress has waived the United States' sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. See 28 U.S.C. § 1346(a)(1); see also Imperial Plan, Inc. v. U.S., 95 F.3d 25, 26 (9th Cir. 1996). However, individuals bringing such suits must meet a number of requirements for the waiver of sovereign immunity to apply. Congress has specified that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been

---

[2] Plaintiff also alleges, as discussed herein, certain facts that appear to address jurisdiction and administrative requirements under the tax code.

5

>erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a). More specifically, the taxpayer must file a claim for refund, which the IRS then either rejects or does not act upon within six months. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

Treasury Regulations establish a number of additional requirements for claims for tax refunds. "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted); see Washington v. U.S., No. 20-cv-5801-TSH, 2021 WL 199279, at *5–8 (N.D. Cal. Jan. 20, 2021) (dismissing refund-related cause of action for failure to show plaintiff made a proper administrative claim with the IRS); Trakhter v. U.S., No. 20-cv-02282-SI, 2020 WL 3971621 (N.D. Cal. July 14, 2020) (dismissing refund suit for failure to comply with jurisdictional prerequisites); Catholic Answers, Inc. v. U.S., No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *6 (S.D. Cal. Oct. 14, 2009) ("Filing a claim for refund in compliance with 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402-2(b)(1) is a jurisdictional prerequisite to a suit for a refund.") (citation omitted).

For example, a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b); see also Provenzano v. U.S., 123 F. Supp. 2d 554, 557–58 (S.D. Cal. 2020) (dismissing plaintiff's suit for refund for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS). Dunn & Black, P.S., 492 F.3d at 1091 ("[T]he taxpayer cannot recover in its suit for refund *on a different*

*ground than that set forth in the claim for refund*.") (emphasis in original) (citation omitted). "The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b).

The refund claim must also be filed with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived."); see also Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting U.S. v. Dalm, 494 U.S. 596, 602 (1990)) ("unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court."). The IRS regulations require that the administrative claim must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. See 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a).

For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(b), (c); see also 26 C.F.R. § 301.6402-2(a)(2) ("if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site."). For example, individuals can claim an income tax refund on the individual's income tax return or, if the individual has already filed a Form 1040 or 1040A, on a Form 1040X. 26 C.F.R. § 301.6402-3.

These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Tucker v. Alexander, 275 U.S. 228, 231 (1927). Accordingly, when assessing suits for refund, courts remain "mindful that the basic purpose of § 7422(a) and the accompanying regulations are 'to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated' . . . and 'to prevent surprise on the facts.'" Lemoge v. U.S., 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citations omitted).

In the first amended complaint, Plaintiff alleges he submitted a 1040 tax form in late 2020. (ECF No. 7 at 10.) Plaintiff also alleges he submitted the IRS form he was directed to submit, the Form 3911. (Id. at 11.) Further, Plaintiff alleges his inquiry into the status of his EIP payments and submission of the Form 3911 exhausted the administrative process. An independent review of the IRS.gov website confirms the Form 3911 is the only form a taxpayer must submit with respect to recovering purportedly missing EIPs.[3] Therefore, Plaintiff appears to have complied with the administrative requirements that he timely file a claim for refund.

Plaintiff does not allege, however, any facts describing the details asserted in his claim. For example, Plaintiff does not indicate whether he verified by written declaration that his claim was submitted under penalty of perjury; he does not attach any documents to support his assertion of submitting an administratively-compliant claim; and he does not identify what evidence, if any, he submitted to the IRS with his administrative claim. 26 C.F.R. § 301.6402-2(b); Provenzano, 123 F. Supp. 2d at 557–58; Dunn & Black, P.S., 492 F.3d at 1091. This is significant because, as the Court noted, a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." Dunn & Black, P.S., 492 F.3d at 1091 (emphasis and citation omitted). In other words, Plaintiff can only sue in this Court based on substantially the same claim presented to the IRS. See Catholic Answers, Inc., 2009 WL 3320498, at *6 ("If the grounds raised in a refund suit are at 'variance' with those presented to the IRS in a claim for refund, the added grounds must be disregarded.") (citations omitted). Plaintiff has not provided any information regarding the content of his refund claim, and so he has provided no plausible basis for this Court to conclude that the case falls within the waiver of sovereign immunity necessary to establish jurisdiction. Moreover, without knowing what information Plaintiff provided in his refund claim, the Court cannot conclude that he satisfied the basic purpose of 26 U.S.C. § 7422(a), which is to give Defendants an opportunity to understand and evaluate the specific facts of the claim. See Lemoge, 378 F. Supp. at 232. Thus, Plaintiff has not alleged sufficient facts to establish the Court has jurisdiction over this action.

///

---

[3] See IRS, https://www.irs.gov/newsroom/recovery-rebate-credit (last visited Mar. 22, 2022).

    2.  <u>Claim for Economic Impact Payments</u>

  The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue EIPs to eligible individuals in the form of a tax credit. <u>Scholl v. Mnuchin</u>, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), <u>appeal dismissed</u>, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Specifically, the CARES Act established a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). The tax credit was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f).

  The Consolidated Appropriations Act of 2021 (CAA) authorized a second tax credit of $600, which also was authorized to be paid as an EIP. 26 U.S.C. §§ 6428A(a), (f). The American Rescue Plan of 2021 (ARPA) directed EIPs in the amount of $1,400 to eligible individuals. 26 U.S.C. §§ 6428B(a)–(d). Finally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

  The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

  Plaintiff claims he was supposed to receive EIPs 1 and 2, for a total combined amount of $1,800.[4] (ECF No. 7 at 6, 8–9.) This allegation suggests Plaintiff is referring to the EIPs distributed pursuant to the CARES Act and the CAA in the amounts of $1,200 and $600, respectively. 26 U.S.C. §§ 6428(a), (f). However, the amended complaint only asserts factual

---

[4] Plaintiff does not appear to seek recovery of the third EIP (in the amount of $1,400 pursuant to the ARPA). 26 U.S.C. §§ 6428B(a)–(d). Indeed, Plaintiff's inmate trust account statement indicates he received an EIP in the amount of $1,400 on April 13, 2021, which was likely this third stimulus payment pursuant to ARPA. (ECF No. 1 at 10.)

9

allegations with respect to Plaintiff's missing payment of $1,200, *i.e.*, the EIP Plaintiff allegedly should have received pursuant to the CARES Act. (See ECF No. 7 at 10–11.) The amended complaint does not set forth any allegations pertaining to Plaintiff's failure to receive a separate EIP check for $600, pursuant to the CAA, nor does Plaintiff allege that he requested the IRS to locate his EIP in the amount of $600. Therefore, to the extent Plaintiff seeks to assert a claim for a tax refund, the Court may only reasonably infer at this time that Plaintiff seeks to recover the EIP for $1,200 under the CARES Act, as detailed in the amended complaint.

### C.  Constitutional Claims

The first amended complaint attempts to assert only two causes of action, both of which are civil rights claims pursuant to § 1983: (1) violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment and (2) violation of Plaintiff's equal protection rights under the Fourteenth Amendment. These claims fail for multiple reasons, which the Court shall address herein.

#### 1.  Constitutional Claims Against the United States

As the Court noted, pursuant to the tax code, Plaintiff may not sue the individual federal employees because only the United States is the proper defendant. 26 U.S.C. § 7422(f)(1); Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Construing Plaintiff's claims for constitutional violations as asserted against the United States, Plaintiff's claims fail because the United States has sovereign immunity.

As the Court previously noted, "[t]he doctrine of sovereign immunity bars those suits against the United States that are not specifically waived by statute." Jackson v. Bush, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing U.S. v. Sherwood, 312 U.S. 584, 586 (1941)). Plaintiff has cited no statute, and the Court knows of none, that waives sovereign immunity on the facts of this case. Indeed, it is well settled "that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." Jackson, 448 F. Supp. 2d at 201; see Clark v. Library of Cong., 750 F.2d 89, 102–03 (D.C. Cir. 1984).

Accordingly, to the extent Plaintiff purports to sue the United States for constitutional violations, the Court lacks subject matter jurisdiction over these claims, and they fail as a matter

of law.

### 2. Civil Rights Claims Pursuant to 42 U.S.C. § 1983

As previously noted, Defendants Bolin and Dean are employees of the IRS and are therefore federal, not state, Defendants. As noted by the Supreme Court, § 1983 applies to state and local officers, while Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), infers a parallel damages action against federal officers. Hartmann v. Moore, 547 U.S. 250, 254 n.2 (2006) (citations and quotations omitted). Thus, although more limited in some respects, a Bivens action is the federal analog to suits brought against state officials under § 1983. Id. (citations omitted).

Accordingly, to the extent Plaintiff seeks to assert a claim against Defendants Bolin and Dean, he cannot seek to recover through § 1983, but must assert a Bivens action. Plaintiff's claims asserted pursuant to § 1983 therefore fail.

### 3. Civil Rights Claims Pursuant to Bivens

In Bivens, the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Hartmann, 547 U.S. at 254 n.2 (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)). To prevail on a Bivens claim, a plaintiff must show: (1) he was deprived of a right secured by the Constitution; and (2) the defendant acted under color of federal law. Morgan v. U.S., 323 F.3d 776, 780 (9th Cir. 2003). The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue. Iqbal, 556 U.S. at 676. Importantly, the Supreme Court has held that a Bivens-based cause of action cannot be maintained against a federal agency but only against individual federal employees. F.D.I.C. v. Meyer (Meyer), 510 U.S. 471, 484–85 (1994); see also W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116 (9th Cir. 2009) (citing Meyer for ruling that no Bivens remedy is available against a federal agency).

#### a. Bivens Claims Asserted Against the IRS (Official Capacity Claims)

Here, Plaintiff purports to sue employees of the IRS. As the Court noted, to the extent Plaintiff sues Defendants Bolin and Dean in their official capacity, his claims are construed as

asserted against the IRS. Klebanowski, 540 F.3d at 637; Kentucky, 4733 U.S. at 165–66. However, because Plaintiff cannot maintain a Bivens claim against a federal agency, Meyer, 510 U.S. at 484–85, his official capacity claims fail as a matter of law.

### b. Bivens Claims Asserted Against Bolin and Dean in Their Personal Capacity

As the Court has noted, the aforementioned authorities demonstrate Plaintiff may not sue Bolin and Dean, as federal employees of the IRS, in their personal capacity where the only remedy he seeks is recovery of his tax refund (the EIPs). 26 U.S.C. § 7422(f)(1); Will, 491 U.S. at 71. Regardless, even if such claims were permissible, Plaintiff's constitutional claims fail.

#### i. Eighth Amendment Claim

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII; see also Estelle v. Gamble, 429 U.S. 97 (1976). In general, under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted); see also Rhodes v. Chapman, 452 U.S. 337, 346 (1981) ("the Eighth Amendment prohibits punishments which . . . involve the unnecessary and wanton infliction of pain, . . . are grossly disproportionate to the severity of the crime," or are otherwise "totally without penological justification.") (citations and internal quotations omitted). The Supreme Court has recognized a Bivens claim may be asserted for Eighth Amendment conditions of confinement violations asserted against prison officials. Carlson, 446 U.S. at 14.

Here, however, Plaintiff's claims are not asserted against prison officials, but employees of the IRS, neither of whom have been alleged to have any control over Plaintiff's conditions of confinement. In view of these legal standards, any Eighth Amendment claim related to Plaintiff's prison conditions fails.

#### ii. Fourteenth Amendment Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause applies to states. Again, Defendants are alleged to be federal employees of the IRS. Consequently, an equal protection claim against these Defendants cannot lie under the Fourteenth Amendment, but must be asserted

pursuant to the Fifth Amendment. See U.S. v. Ayala-Bello, 995 F.3d 710, 714 (9th Cir. 2021), cert. denied, 142 S. Ct. 513 (2021) (citing Bolling v. Sharpe, 347 U.S. 497, 499–500 (1954)); McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Apr. 17, 1999) ("The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause."). Therefore, Plaintiff's Fourteenth Amendment claim necessarily fails.

### iii. Fifth Amendment Equal Protection

Through the Fifth Amendment, the equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Cal. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).

An equal protection claim may be established by showing that a defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann v. Cal. Dept. of Corrs. and Rehab., 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Or. Dept. of Agric., 553 U.S. 591, 601–02 (2008). See also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (discussing "class-of-one" equal protection claims); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Specific to Bivens, a plaintiff must plead and prove that the defendant acted with discriminatory purpose. Iqbal, 556 U.S. at 676 (citing Washington v. Davis, 426 U.S. 229, 240 (1976)). "Purposeful discrimination" requires more than "intent as volition or intent as awareness of consequences." Id. at 676–77 (citing Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)). It instead involves a decisionmaker's undertaking a course of action " 'because of,' not merely 'in spite of,' [the action's] adverse effects upon an identifiable group." Id. at 677.

Plaintiff's allegations do not suggest that he is being treated differently based on any of those impermissible considerations. Rather, Plaintiff only refers to his status as an incarcerated

individual. But that is not a protected class. See U.S. v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011) ("Neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes."). Nor does Plaintiff allege he was so similarly situated to the other inmates who received EPIs to raise an inference that Plaintiff was intentionally singled out. See Bishawi v. Ne. Ohio Corr. Ctr., 628 Fed. App'x 339, 345 (6th Cir. 2014) ("Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim."). Thus, even if Plaintiff had asserted a cause of action under the Fifth Amendment — which he did not — Plaintiff's assertion that he was denied equal protection because of his incarcerated status is speculatory and conclusory, which is insufficient to state a claim.

## IV.

## CONCLUSION AND ORDER

Based on review of the first amended complaint in this action, Plaintiff has failed to state any cognizable claim for a violation of his federal or state rights in this action. Nonetheless, the Court will grant Plaintiff a final opportunity to amend the complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also clearly and concisely set forth the claims Plaintiff wishes to pursue. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint, George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints), but may only amend his complaint consistent with this order. Plaintiff should also not attempt to plead causes of action which he acknowledges are barred by some type of immunity.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent Court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;
3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:  **April 1, 2022**

UNITED STATES MAGISTRATE JUDGE