**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. ROSS,<br><br>            Plaintiff,<br><br>      v.<br><br>NINA BOLIN, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01753-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF SECOND AMENDED COMPLAINT<br><br>(ECF No. 9)<br><br>**DEADLINE: TWENTY-ONE DAYS** |

**I.**

**INTRODUCTION**

David R. Ross ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Nina Bolin and Ursula Dean, Operations Managers for the Department of Treasury, Internal Revenue Service ("IRS") on December 10, 2021. (ECF No. 1.)

On May 2, 2022, Plaintiff filed a second amended complaint. (ECF No. 9.) The second amended complaint is now before this Court for screening. Having considered the second amended complaint, as well as the Court's file, the Court issues the following screening order and findings and recommendations recommending that the second amended complaint be dismissed without leave to amend, for lack of jurisdiction and failure to state a claim, and that this action be dismissed.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). A plaintiff can also "plead himself out of a claim by including unnecessary details contrary to his claims." Sprewell, 266 F.3d at 988. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.

### RELEVANT BACKGROUND

While the instant screening order pertains only to the operative second amended complaint, which is "complete in itself without reference to the prior or superseded pleading," E.D. Cal. L.R. 220; Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012), the Court nonetheless finds a brief review of the various iterations of the complaint resulting from Plaintiff's prior attempts to amend is appropriate here, as it supports the instant findings and recommendations that dismissal of the second amended complaint is appropriate and granting further leave to amend is not warranted.

In the original complaint, Plaintiff alleged his Eighth and Fourteenth Amendment rights were violated when Defendants failed to take his inquiries seriously because he is an inmate, and failed to provide him the Economic Impact Payments ("EIPs") to which he was entitled. The Court screened the complaint and found Plaintiff failed to allege sufficient facts to state a claim. (ECF No. 6.) More specifically, the Court noted that, to the extent he claimed to not receive EIPs because of his prisoner status, Plaintiff's claims were foreclosed pursuant to the class action judgment resulting from Scholl v. Mnuchin (Scholl I), 489 F. Supp. 3d 1008, 1020 (N.D. Cal.

2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020) and Scholl v. Mnuchin (Scholl II), 494 F. Supp. 3d 661 (N.D. Cal. 2020), as Plaintiff was a member of the Scholl class; moreover, the claims were untimely. (ECF No. 6 at 5–6.)  Instead, the Court indicated Plaintiff needed to raise his claim through the tax code, pursuant to 26 U.S.C. § 7422(a), but noted that, even if the Court construed the complaint to assert a tax claim, Plaintiff failed to allege facts sufficient to establish jurisdiction and state a claim under that statute. (Id. at 7–8.)

On March 18, 2022, Plaintiff filed a first amended complaint, again claiming violations under the Eighth and Fourteenth Amendments and not the tax code. (ECF No. 7.)  In screening the first amended complaint, the Court noted the Government was the proper defendant in a suit seeking tax refunds, not individual IRS employees; that a proper claim against the IRS must be asserted pursuant to the tax code, specifically under 26 U.S.C. § 7422; and that all other claims Plaintiff was attempting to assert — e.g., against individual IRS employees or constitutional violations pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) — failed to state a cognizable claim as a matter of law. (ECF No. 8 at 4–5, 10–14.)  Plaintiff was directed that any amended complaint must assert a claim against the Government pursuant to 26 U.S.C. § 7422, and allege sufficient facts to establish compliance with the jurisdictional requirements set forth under the tax code, which were also described in the Court's order. (Id. at 5–8.)

On May 2, 2022, Plaintiff filed his second amended complaint. (ECF No. 9.)

### IV.

### COMPLAINT ALLEGATIONS[1]

The second amended complaint is properly asserted against the Government.  However, instead of asserting a claim under 26 U.S.C. § 7422, as directed (twice) by the Court, Plaintiff now seeks to assert claims for unspecified constitutional violations pursuant to Bivens. (ECF No. 9.)

Plaintiff remains a state prisoner at Correctional Training Facility. (Id. at 7.)  Plaintiff

---

[1] The Court accepts Plaintiff's allegations in the second amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

4

addresses all three EIPs identified by the Court in its prior screening order.[2] Plaintiff alleges his first EIP for $1,200 was deposited "into an unknown account, allowing someone [Plaintiff] did not know to have access to [his EIP] and have access to [his] social security number illegally." (ECF No. 9 at 7 (internal quotations omitted).) Thus, although the first EIP was purportedly paid out, Plaintiff never received it. Plaintiff submitted an IRS form 3911 to start a legal trace to find the missing payment, as instructed by the IRS. (Id. at 7, 9.) He also timely submitted his 1040 tax return on November 13, 2020. (Id. at 10.) And Plaintiff sent a letter to the IRS noting his payment was deposited into the wrong account and renewing his request for assistance. (Ex. 7, ECF No. 9 at 18.) Plaintiff claims this completed the administrative process. (Id. at 7, 8.) Plaintiff alleges he periodically receives letters indicating additional time is required to address his inquiry, but he has never received a substantive response. (Id. at 7; Ex. 4, ECF No. 9 at 15; Ex. 5, ECF No. 9 at 16; Ex. 6, ECF No. 9 at 17.) Further, Plaintiff claims the IRS knew the $1,200 was deposited into the wrong account, but still failed to correct the situation. (Id. at 7.)

Plaintiff alleges he never received the second EIP for $600, and wrote a letter to the IRS about the missing payment. (Id. at 7, 9, 18.) Plaintiff does not allege further facts about this EIP.

Plaintiff concedes he received the third EIP for $1,400, as reflected in his inmate trust account statement. (Id. at 10; Ex. 3, ECF No. 9 at 14.)

Finally, Plaintiff alleges the IRS has similarly failed to address other inmates' claims regarding missing EIPs, specifically identifying inmate Anthony Sharp as an example,[3] and contends this demonstrates the IRS is deliberately discriminating against Plaintiff because he is incarcerated. (ECF No. 9 at 8.)

///

---

[2] As noted herein, the three EIPs authorized by Congress were in the amounts of: (1) $1,200 under the CARES Act; (2) $600 under the related Consolidated Appropriations Act of 2021 ("CAA"); and (3) $1,400 under the related American Rescue Plan of 2021 ("ARP"). 26 U.S.C. § 6428; 26 U.S.C. §§ 6428A(a), (f); 26 U.S.C. §§ 6428B(a)–(d).

[3] The Court is familiar with Mr. Sharp, as he also filed a complaint seeking EIP tax refunds from the IRS that was addressed by this Court. See Sharp v. Bolin, No. 21-cv-01549-JLT-SAB (E.D. Cal. 2021). Mr. Sharp's allegations were not addressed on the merits, as the Court determined Mr. Sharp was a three-strike litigant pursuant to 28 U.S.C. § 1915(g) (*i.e.*, it was determined that Mr. Sharp previously brought three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim), revoked his *in forma pauperis* status, and ultimately dismissed Mr. Sharp's case after he failed to pay the filing fee. Id. at ECF Nos. 10, 12, 13, 14.

**V.**

**DISCUSSION**

  **A.**  **Tax Refund Claim**

It appears the remedy Plaintiff seeks is recovery of certain tax refunds in the form of EIPs under the CARES Act, which would implicate a cause of action pursuant to 26 U.S.C. § 7422.[4]

As previously noted, Plaintiff was directed to amend his complaint to assert a cause of action for tax refund pursuant to 26 U.S.C. § 7422. (ECF No. 6 at 7–8; ECF No. 8 at 5.) He declined to do so. Instead, the second amended complaint only asserts a cause of action for unspecified constitution violations under Bivens. For this reason alone, Plaintiff has not stated a viable tax claim. Furthermore, even liberally construing the second amended complaint as asserting a cause of action pursuant to 26 U.S.C. § 7422, the Court finds Plaintiff has not stated a viable tax claim pursuant to the tax code, as follows.

  1.  Jurisdiction

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." Tobar v. U.S., 639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the United States falls within a waiver of sovereign immunity, the action must be dismissed. See Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007).

Congress has waived the United States' sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. See 28 U.S.C. § 1346(a)(1); see also Imperial Plan, Inc. v. U.S., 95 F.3d 25, 26 (9th Cir. 1996). However, individuals bringing such suits must meet a number of requirements for the waiver of sovereign immunity to apply. Congress has specified that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been

---

[4] Plaintiff also alleges, as discussed herein, certain facts that appear to address jurisdiction and administrative requirements under the tax code.

> erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a). More specifically, the taxpayer must file a claim for refund, which the IRS then either rejects or does not act upon within six months. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

Treasury Regulations establish a number of additional requirements for claims for tax refunds. "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted); see Washington v. U.S., No. 20-cv-5801-TSH, 2021 WL 199279, at *5–8 (N.D. Cal. Jan. 20, 2021) (dismissing refund-related cause of action for failure to show plaintiff made a proper administrative claim with the IRS); Trakhter v. U.S., No. 20-cv-02282-SI, 2020 WL 3971621 (N.D. Cal. Jul. 14, 2020) (dismissing refund suit for failure to comply with jurisdictional prerequisites); Catholic Answers, Inc. v. U.S., No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *6 (S.D. Cal. Oct. 14, 2009) ("Filing a claim for refund in compliance with 26 U.S.C. § 7422(a) and Treasury Regulation § 301.6402-2(b)(1) is a jurisdictional prerequisite to a suit for a refund.") (citation omitted).

For example, a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b); see also Provenzano v. U.S., 123 F. Supp. 2d 554, 557–58 (S.D. Cal. 2020) (dismissing plaintiff's suit for refund for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS). Dunn & Black, 492 F.3d at 1091 ("[T]he taxpayer cannot recover in its suit for refund *on a different*

7

*ground than that set forth in the claim for refund*.") (emphasis in original) (citation omitted). "The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b).

The refund claim must also be filed with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived."); see also Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting U.S. v. Dalm, 494 U.S. 596, 602 (1990)) ("unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court."). The IRS regulations require that the administrative claim must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. See 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a).

For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(b), (c); see also 26 C.F.R. § 301.6402-2(a)(2) ("if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site."). For example, individuals can claim an income tax refund on the individual's income tax return or, if the individual has already filed a Form 1040 or 1040A, on a Form 1040X. 26 C.F.R. § 301.6402-3.

These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Tucker v. Alexander, 275 U.S. 228, 231 (1927). Accordingly, when assessing suits for refund, courts remain "mindful that the basic purpose of § 7422(a) and the accompanying regulations are 'to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated' . . . and 'to prevent surprise on the facts.' " Lemoge v. U.S., 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citations omitted).

### a. Claim for the First EIP (for $1,400)

With respect to the first EIP for $1,400, the second amended complaint alleges Plaintiff submitted an IRS form 3911, and a timely 1040 tax return, as well as a follow up letter to the IRS. (ECF No. 9 at 7, 9–10, 18.) Plaintiff contends submission of the Form 3911 and his 1040 tax return satisfies the administrative claim exhaustion process. Further, Plaintiff's allegations demonstrate that the time for the IRS to respond to his claim for the $1,400 EIP has passed. (Id. at 7, 15–17.) An independent review of the IRS.gov website confirms the Form 3911 is the only form a taxpayer must submit with respect to recovering purportedly missing EIPs.[5] Therefore, Plaintiff appears to have complied with the administrative requirements that he timely file a claim for refund.

Plaintiff again does not allege, however, any facts describing the details asserted in his claim. Importantly, the IRS requires a claimant to indicate the following on the Form 3911: (1) write "EIP1" or "EIP2" on the top of the form to identify the payment to be traced; (2) check the box for "Individual" as they Type of return; (3) enter "2020" as the Tax Period; (4) sign the form; and (5) answer all refund questions as they relate to the identified EIP. The refund questions on the form seek information such as: taxpayer identification number; spouse contact information; specifying whether the refund check was never received, or received but subsequently lost, stolen or destroyed; whether the claimant received correspondence about the tax return; bank/account information confirmation as to where the payment should have been deposited; as well as a certification section. However, the second amended complaint does not indicate whether Plaintiff verified his claim, nor does he attach any documents to support his assertion of submitting an administratively-compliant claim (here, copies of his 1040 tax return or the Form 3911). 26 C.F.R. § 301.6402-2(b); Provenzano, 123 F. Supp. 2d at 557–58; Dunn & Black, 492 F.3d at 1091. Furthermore, Plaintiff does not allege any facts with respect to the information that he was required to provide in the Form 3911.

This is significant because, as the Court noted, a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." Dunn & Black, 492 F.3d

---

[5] See IRS, https://www.irs.gov/newsroom/recovery-rebate-credit (last visited May 6, 2022).

at 1091 (emphasis and citation omitted). In other words, Plaintiff can only sue in this Court based on substantially the same claim presented to the IRS. See Catholic Answers, 2009 WL 3320498, at *6 ("If the grounds raised in a refund suit are at 'variance' with those presented to the IRS in a claim for refund, the added grounds must be disregarded.") (citations omitted). Plaintiff has not provided any information regarding the content of his refund claim, and so he has provided no plausible basis for this Court to conclude that the case falls within the waiver of sovereign immunity necessary to establish jurisdiction. Moreover, without knowing what information Plaintiff provided in his refund claim, the Court cannot conclude that he satisfied the basic purpose of 26 U.S.C. § 7422(a), which is to give Defendants an opportunity to understand and evaluate the specific facts of the claim. See Lemoge, 378 F. Supp. at 232. Thus, even if he had asserted a cause of action pursuant to 26 U.S.C. § 7422(a) — which he did not — Plaintiff has not alleged sufficient facts to establish this Court has jurisdiction over Plaintiff's claim with respect to the first EIP.

    **b.**   **Claim for Second EIP ( for $600)**

With respect to his claim for the second EIP for $600, Plaintiff alleges even fewer facts. Importantly, he does not allege that he submitted a claim for the second EIP pursuant to the tax code requirements. While Plaintiff attaches a letter he purportedly sent to the IRS seeking information regarding both the first and second EIPs, it appears plain to this Court that such letter does not comport with the claim requirements previously identified. As such, Plaintiff does not pass even the threshold administrative requirements to establish the Court has jurisdiction over this claim.

    2.   <u>Claims Foreclosed by the Scholl Class Action</u>

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue EIPs to eligible individuals in the form of a tax credit. Scholl I, 489 F. Supp. 3d at 1020. Specifically, the CARES Act established a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). The tax credit was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f). The CAA

authorized a second tax credit of $600, which also was authorized to be paid as an EIP. 26 U.S.C. §§ 6428A(a), (f). Finally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund. 26 U.S.C. § 6428(e). Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer." 26 U.S.C. § 6428(h).

In Scholl I, the district court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

Scholl I, 489 F. Supp. 3d at 1047. In Scholl II, the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for

11

> advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

Scholl II, 494 F. Supp. 3d at 692. A permanent injunction was entered and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status. Id. at 692–93. With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's [Federal Rule of Civil Procedure] 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages." Dkt. 50 at 42 (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 360–61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)). The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

Id. at 691.

Unlike Plaintiff's claim related to the first EIP for $1,400, Plaintiff alleges he never received the second EIP for $600 and he does not indicate it was ever purportedly disbursed. Further, Plaintiff alleges the IRS's failure to provide the second EIP or respond to his inquiries regarding this EIP is due to his incarcerated status. These allegations place Plaintiff squarely within the Scholl class, as contemplated by that class action. As the Court previously noted in its order screening Plaintiff's original complaint as to this issue (which Plaintiff has inexplicably revived here), because Plaintiff is a member of the Scholl class as to this claim, he is not entitled to separate individual relief. See Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.").

Furthermore, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the CARES Act. As noted above, the CARES Act imposed a deadline of December 31, 2020, for

1 EIPs to be made or allowed. 26 U.S.C. § 6428(f)(3)(A). That deadline passed well before Plaintiff initiated this case on December 10, 2021, and no more funds may be issued. Accordingly, even if he had asserted a cause of action pursuant to 26 U.S.C. § 7422(a) — which, again, he did not — Plaintiff's claim related to the second EIP is also foreclosed on this basis.

### B. Bivens Action

The second amended complaint only seeks to assert a "Bivens action." This claim fails for multiple reasons, all of which the Court identified in its order screening Plaintiff's first amended complaint.

In Bivens, the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Hartmann v. Moore, 547 U.S. 250, 254 n.2 (2006) (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)). To prevail on a Bivens claim, a plaintiff must show: (1) he was deprived of a right secured by the Constitution; and (2) the defendant acted under color of federal law. Morgan v. U.S., 323 F.3d 776, 780 (9th Cir. 2003). The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue. Iqbal, 556 U.S. at 676.

Here, Plaintiff does not identify any underlying purported constitutional violations. Therefore, Plaintiff fails to allege sufficient facts to state a claim for constitutional violations pursuant to Bivens.[6]

---

[6] Plaintiff was cautioned on numerous occasions that an amended complaint supersedes the prior complaint, thus requiring that any amended complaint be "complete in itself without reference to the prior or superseded pleading." (ECF No. 6 at 9; ECF No. 8 at 14); E.D. Cal. L.R. 220; Lacey, 693 F.3d at 927. Regardless, even if the Court very liberally construed the second amended complaint as asserting underlying violations under the Fourteenth (or Fifth) Amendment, but this time under Bivens and not § 1983 (which, again, Plaintiff has not asserted), such claim fails for the same reasons the Court previously identified. Namely, the Fourteenth Amendment equal protection clause applies to states, not the federal government. McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Apr. 17, 1999). Therefore, any claim asserting violations under the Fourteenth Amendment fails. Furthermore, even if equal protection violations under the Fifth Amendment were asserted (which they were not), Plaintiff would be required to allege facts showing he was either intentionally discriminated against due to membership in a protected class or that he was treated differently from similarly situated individuals. Hartmann v. Cal. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). As the Court previously explained to Plaintiff, being incarcerated is not a protected class. U.S. v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011). Nor has Plaintiff alleged facts showing he was so similarly situated to the other inmates *who received EIPs* to raise an inference that Plaintiff was intentionally singled out by the IRS. See Bishawi v. Ne. Ohio Corr. Ctr., 628 Fed. App'x 339, 345 (6th Cir. 2014). To the contrary, the second amended complaint does not indicate any group of inmates received EIPs, but only alleges that Plaintiff was denied

Finally, a <u>Bivens</u> action against the Government fails as a matter of law because the United States has sovereign immunity. As the Court noted in its prior screening order, "[t]he doctrine of sovereign immunity bars those suits against the United States that are not specifically waived by statute." <u>Jackson v. Bush</u>, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing <u>U.S. v. Sherwood</u>, 312 U.S. 584, 586 (1941)). Plaintiff has cited no statute, and the Court knows of none, that waives sovereign immunity on the facts of this case. Indeed, it is well settled "that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." <u>Jackson</u>, 448 F. Supp. 2d at 201; <u>see</u> <u>Clark v. Library of Cong.</u>, 750 F.2d 89, 102–03 (D.C. Cir. 1984). Accordingly, to the extent Plaintiff purports to sue the United States for constitutional violations through a <u>Bivens</u> action, the Court lacks subject matter jurisdiction over these claims, and they fail as a matter of law.

## VI.

## CONCLUSION AND RECOMMENDATION

As described herein, Plaintiff was provided multiple opportunities to amend and much direction on how to cure his pleading defects based on the applicable legal standards. Thus, in repeating the same pleadings defects in the second amended complaint that the Court previously addressed, Plaintiff indicates either an inability or unwillingness to cure his pleading defects.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF No. 9) be DISMISSED, without leave to amend, for lack of jurisdiction and failure to state a claim; and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the

---

EIPs *in the same manner as "countless other inmates.*" (ECF No. 9 at 8 (emphasis added).) For these many additional reasons, any constitutional-based claims asserted by Plaintiff necessarily fail.

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 31, 2022**

UNITED STATES MAGISTRATE JUDGE